UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NELSON W. SANCHEZ MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>LOWELL INTERNATIONAL COMPANY<br>d/b/a LOWELL INTERNATIONAL FOODS<br>and CONRAD J. LOWELL,<br><br>    Defendants. | No. 23 CV 4630<br><br>Judge Manish S. Shah |

## ORDER

Defendant's motion to dismiss, [10], is granted in part, denied in part. All Title VII claims against Conrad J. Lowell are dismissed with prejudice; the battery claim against Conrad J. Lowell is dismissed without prejudice. Conrad J. Lowell is dismissed from this case. Defendant's motion to dismiss the battery claim against Lowell International Company is denied. The parties shall file a joint status report on settlement progress and with a proposed discovery schedule by June 25, 2024.

## STATEMENT

Plaintiff Nelson Sanchez Martinez worked at Lowell International Company as a food packager where he faced near-daily harassment by his coworker Steve because of his race and national origin. [1] ¶¶ 4–5, 8–16.[1] Sanchez Martinez reported the harassment to his supervisors through verbal and written complaints, but Lowell's response was only to talk to the coworker, without terminating or disciplining him. [1] ¶¶ 18–19. Sanchez Martinez filed suit under Title VII for national origin and race discrimination, hostile work environment based on national origin, and brings a battery claim based on an incident where the coworker spit on him. Defendant Lowell International moves to dismiss Sanchez Martinez's battery claim as pre-empted by the Illinois Workers Compensation Act because it is a common law tort, which is generally compensable under the IWCA. [10] at 6.[2]

---

[1] Bracketed numbers refer to entries on the district court docket and page numbers are taken from the CM/ECF header placed at the top of filings. The court takes all well-pleaded factual allegations in the complaint as true and draws reasonable inferences in the plaintiff's favor. *Bronson v. Ann & Robert H. Lurie Child. Hosp.*, 69 F.4th 437, 448 (7th Cir. 2023).

[2] Defendants also moved to dismiss the claims brought against individual defendant Conrad J. Lowell, and plaintiff agreed to dismiss those claims. *See* [10] at 2–5 *and* [15] at 2. Plaintiff

A complaint must contain factual allegations that state the required elements of the plaintiff's claim in a way that "raise[s] a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court then considers the allegations and determines whether the plaintiff's claim is plausible, which requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Injuries incurred in employment are compensated through the Illinois Workers' Compensation Act, which "provides the exclusive means by which an employee can recover against an employer for a work-related injury in Illinois." *Baylay v. Etihad Airways P.J.S.C.*, 881 F.3d 1032, 1038–39 (7th Cir. 2018) (cleaned up); 820 ILCS 305/5(a), 305/11. There are four exceptions to the exclusivity provisions of the Worker's Compensation Act: (a) if the injury was not accidental; (b) if the injury did not arise from the employment; (c) if the injury was not received during the course of employment; or (d) if the injury was not compensable under the Workers' Compensation Act. *See Meerbrey v. Marshall Field & Co., Inc.*, 139 Ill.2d 455, 463 (Ill. 1990); *Baylay*, 881 F.3d at 1039. The exclusivity provisions of the IWCA are an affirmative defense, and dismissals based on an affirmative defense are appropriate only when "the defense is conclusively established by the complaint, concessions made by the plaintiff, or any other material appropriate for judicial notice." *Baylay*, 881 F.3d at 1040; *see also Wessel v. Alexian Brothers Health Sys.*, No. 21 CV 3287, 2021 WL 5083750, at *3 (N.D. Ill. Nov. 2, 2021); *Arnold v. Janssen Pharmaceutica, Inc.*, 215 F.Supp.2d 951, 956–57 (N.D. Ill. 2002).

"[A]n injury that was intentionally inflicted upon an employee by another employee nevertheless is considered 'accidental' on behalf of the employer if it was unexpected and unforeseen by the injured party, unless the employer expressly authorized the co-employee to commit the tort." *Hunt-Golliday v. Metro. Water Reclamation Dist. of Greater Chicago*, 104 F.3d 1004, 1016 (7th Cir. 1997) (citing *Meerbrey*, 139 Ill. at 463–64). Included in "express authorization" is "informed ratification." *See Thomas v. Habitat Co.*, 213 F.Supp.2d 887, 892 (N.D. Ill. 2002) (quoting *Knuepfer v. Fawell*, 96 Ill. 2d 284, 291 (1983)).

Sanchez Martinez's complaint alleges that he told management that the coworker had spit on him, but that "Defendants took no action to bring an end to this conduct." [1] ¶ 46. Defendants argue that this allegation is insufficient because it alleges that Sanchez Martinez told Defendants of the spitting incident after it

---

requests that the dismissal be without prejudice because additional discovery could reveal that plaintiff has claims against Conrad Lowell individually. An initial motion to dismiss should be granted with leave to amend unless there is no amendment that could cure the defect. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). The Title VII claims against Conrad Lowell are dismissed with prejudice because there is no individual liability under Title VII, and no further discovery could change that rule. The battery claim against Conrad Lowell is dismissed without prejudice.

occurred so the spitting could not be "authorized." *See* [18] at 3. But inherent in the idea of ratification is that that the behavior has already occurred, and the principal (or employer) expresses its "authorization" or agreement with the behavior by condoning it after-the-fact. The fact that the incident pre-dated Lowell's knowledge does not mean that Lowell did not ratify the behavior.

Sanchez Martinez's complaint alleges that Lowell did speak to the coworker, [1] ¶ 19, and defendants argue that allegation bars plaintiff's ratification theory because Lowell did something in response to Sanchez Martinez informing it of the tort. *See* [18] at 4. An insufficient response can amount to ratification. *See Brownlee v. Cath. Charities of the Archdiocese of Chicago*, No. 16 CV 665, 2018 WL 1519155, at *2 (N.D. Ill. Mar. 28, 2018) (complaint alleged that plaintiff filed grievance with supervisor, supervisor did not conduct a meaningful investigation, and offensive conduct did not stop). At this stage in the case, it is a reasonable reading of the complaint that Lowell's lack of a robust response meant it accepted and approved of the coworker's tortious conduct.

Defendants' final argument is that under IWCA preemption analysis, the tortious behavior must be authorized by the company or its alter ego and plaintiff fails to allege that the coworker is Lowell's alter ego. [18] at 3. Plaintiff is not pursuing an alter ego theory; plaintiff's theory is that Lowell authorized the coworker's behavior through ratification. Authorization is another way the plaintiff can show that his injury was not accidental and therefore not preempted by the IWCA. *See Baylay*, 881 F.3d at 1039 ("To show that a coworker's intentional tort is *not* accidental, a plaintiff must establish that the coworker was the alter ego of the employer <u>or</u> that the employer commanded or expressly authorized the acts." (emphasis through underline added). Whether Sanchez Martinez can ultimately prove the facts to support that theory is a question for a later day; Sanchez Martinez has adequately alleged that Lowell ratified the tortious conduct because it knew of the conduct and took no action to bring it to an end.

ENTER:

Date: June 11, 2024

_____
Manish S. Shah
U.S. District Judge